**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4948**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DUSTAN PETE PERRY,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00073-RLV-DSC-6)

_____

Submitted: August 29, 2014          Decided: September 4, 2014

_____

Before DUNCAN, AGEE, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Aaron Michel, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dustan Pete Perry appeals his sentence for conspiracy to distribute and to possess with intent to distribute and manufacture at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 846 (2012), and possession of pseudoephedrine for the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (2012). Perry pled guilty without the benefit of a written plea agreement and was sentenced to a total of 262 months' imprisonment and five years of supervised release. On appeal, Perry asserts that the relevant Sentencing Guidelines are unconstitutional and that his sentence was procedurally and substantively unreasonable. Finding no reversible error, we affirm Perry's sentence.

On appeal, Perry first asserts that no rational basis exists to support the harsher penalty prescribed by U.S. Sentencing Guidelines Manual ("USSG") § 2D1.11 (2012) as compared to USSG § 2D1.1. Because he did not challenge the Guidelines' constitutionality in the district court, we review Perry's claim for plain error. See Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)).

Federal Rule of Criminal Procedure 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's

2

attention." Fed. R. Crim. P. 52(b). To establish plain error, Perry must show: "(1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." United States v. Carthorne, 726 F.3d 503, 510 (4th Cir. 2013) (citing Henderson, 133 S. Ct. at 1126; Olano, 507 U.S. at 732-35). If he makes this showing, the decision to correct the error remains within our discretion, which we exercise "only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted). We conclude that Perry fails to establish plain error. See United States v. Ellefson, 419 F.3d 859, 866 n.4 (8th Cir. 2005) (differences between Guidelines had rational justification based on recognition "that the manufacture of methamphetamine is an inherently dangerous activity that creates substantial risks to public health and safety").

Next, Perry challenges the procedural reasonableness of his sentence. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range or failing to consider the § 3553(a) factors. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through

3

§ 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court "must place on the record an individualized assessment based on the particular facts of the case before it."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Because Perry argued for a sentence different than the one imposed, we review his remaining claims for abuse of discretion and will reverse unless we conclude that any error was harmless.  United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).  In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo.  See United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010).  Only if we find the sentence procedurally reasonable can we consider its substantive reasonableness. Carter, 564 F.3d at 328.

Perry challenges the district court's determination that the total amount of drugs involved in the conspiracy was reasonably foreseeable, and therefore attributable, to him. Under the Sentencing Guidelines, a defendant convicted of conspiring to distribute controlled substances "is accountable for all quantities of contraband with which he was directly involved and . . . all reasonably foreseeable quantities of

4

contraband that were within the scope of the criminal activity that he jointly undertook." USSG § 1B1.3 cmt. n.2. The government must prove this drug quantity by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The district court may rely on information in the presentence report unless the defendant affirmatively shows that the information is inaccurate or unreliable. Id. A district court's findings on drug quantity are generally factual in nature, and therefore we review for clear error. Id. In light of the evidence contained in the presentence report indicating that Perry taught his coconspirators how to cook methamphetamine, was present during multiple cooking sessions at multiple locations, and cooked methamphetamine himself in the presence of others, we find that the district court did not clearly err in finding that the entire quantity of drugs possessed and manufactured by the conspiracy was reasonably foreseeable to Perry.

Perry next challenges the four-level enhancement the district court imposed under USSG § 3B1.1(a) for his role as an organizer or leader of the conspiracy. This determination is a factual finding reviewed for clear error. United States v. Cameron, 573 F.3d 179, 184, 186 (4th Cir. 2009).

To qualify for the four-level enhancement, a defendant must have been "an organizer or leader of a criminal activity

5

that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors that distinguish an organizational or leadership role from lesser roles include exercising decision-making authority, the nature of participation in the offense, recruiting accomplices, claiming a larger share of the criminal proceeds, planning or organizing the offense, the nature and scope of illegal activity, and the degree of control and authority over others. USSG § 3B1.1 cmt. n.4. The enhancement "is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility." Id. (internal quotation marks omitted). The facts establishing the enhancement must be supported by a preponderance of the evidence. See United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008).

Here, Perry conspired with many coconspirators and filled a central role in the conspiracy by providing the recipe for manufacturing methamphetamine and teaching other coconspirators how to cook methamphetamine. Accordingly, based on the nature of Perry's participation and the scope of his illegal activities, we find that the district court did not clearly err in applying the four-level leadership enhancement.

Perry contests the two-level enhancement based on the creation of an environmental hazard. The Guidelines provide

6

that, in calculating the offense level for unlawful possession of pseudoephedrine or other listed chemicals, a two-level increase is applicable when the offense involved "an unlawful discharge, emission, or release into the environment of a hazardous or toxic substance." USSG § 2D1.11(b)(3). Perry argues that a risk of such discharge is inherent in every methamphetamine manufacturing offense. However, the district court applied the sentencing enhancement not because Perry created a risk of discharge, but because Perry created an actual discharge when he was involved in a methamphetamine cook that "blew up." (J.A. 366). Accordingly, we find no error in the application of the two-level enhancement.

Perry also challenges the substantive reasonableness of his sentence, which we review by "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within or below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). The district court adequately considered Perry's drug addiction, and nothing in the

7

record rebuts the presumption that Perry's sentence is substantively reasonable.

Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>